UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KATHLEEN ROYAL                                                                                              PLAINTIFF

VERSUS                                                                    CIVIL ACTION NO. 5:19CV119-DCB-RPM

COMMISSIONER OF SOCIAL SECURITY                                                       DEFENDANT
ADMINISTRATION

**REPORT AND RECOMMENDATIONS**

This matter is before the Court on Plaintiff Kathleen Royal's complaint appealing the Commissioner of Social Security's (Commissioner) denial of her application for disability insurance benefits under the Social Security Act (the Act). Royal filed the instant application on March 30, 2017, alleging a disability onset date of July 7, 2016. Doc. [11] at 159-60, 164. She alleged disability resulting from osteoarthritis/bilateral shoulders/reactive edema; hypertension; anxiety/depression; back pain/L5 degeneration lumbar; swelling/edema in both legs; bilateral carpal tunnel; bilateral upper extremity neuropathy; and left shoulder tendonous. *Id.* at 179. Royal was 49-years old as of the date of last insured (September 30, 2016), with a high school education, and past relevant work experience as a nursing assistant. *Id.* at 20. Her claim was denied at the initial level and on reconsideration. *Id.* at 107-19. Royal requested and was granted a hearing before an Administrative Law Judge (ALJ). *Id.* at 137-38.

The ALJ conducted a hearing on October 24, 2018, where Royal was represented by counsel. *Id.* at 52-81. At the hearing, Royal amended the disability onset date to July 12, 2016. *Id.* at 56, 174. This amendment resulted from the fact that at a prior administrative hearing, the Commissioner had found Royal not disabled through July 11, 2016, on substantially similar

impairments as those asserted in the instant disability application.[1] *See id.* at 57-59, 86-94. Royal conceded that the alleged period of disability at issue is a narrow 80-day window from July 12, 2016, through September 30, 2016. *Id.* at 56-57.

On January 3, 2019, the ALJ issued a decision finding Royal not disabled. *Id.* at 15-22. In his decision, the ALJ found that Royal had severe impairments of "status post bilateral shoulder surgery with residual degeneration and obesity." *Id.* at 17. As a result of these severe impairments, she retained the residual functional capacity (RFC) to perform sedentary work, with some additional prescribed limitations. *Id.* at 18. The ALJ concluded that Royal was not capable of performing past relevant work during the alleged period of disability. *Id.* at 20. However, relying on the testimony of a vocational expert, the ALJ found that there are jobs that exist in the national economy that Martin could still perform. *Id.* at 20-21. Accordingly, the ALJ found that he is not disabled under the Act. *Id.* at 21.

The Appeals Council denied Royal's request for review. *Id.* at 5-9. Royal then filed the instant complaint on November 14, 2019. In her brief, she argues that the ALJ erred under Social Security Ruling (SSR) 83-20 and HALLEX I-2-6-70(A) by failing to engage a medical expert to determine whether the onset of Royal's back impairment occurred sometime prior to the date of the first recorded medical examination and/or prior to the date last insured. Doc. [12] at 2-3. Royal requests that she be found disabled, or in the alternative, that the case be remanded to the ALJ for proper evaluation under the Social Security Regulations. *Id.* at 5. The

---

[1] In this prior administrative proceeding, the ALJ found that Royal suffered from severe impairments of "status post surgeries to the shoulders bilateral … associated with degenerative changes in the shoulders bilaterally, a history of carpal tunnel syndrome, obesity and a history of hypertension". Doc. [11] at 87. The ALJ also addressed Royal's complaints of subjective pain, swelling in her lower extremities, anxiety, and other psychological impairments. *Id.* at 88-91.

Commissioner has submitted a brief urging the Court to affirm the Commissioner's decision. Doc. [16].

## Law and Analysis

### Standard of Review

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision is supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

**Social Security Ruling 83-20 & Social Security Ruling 18-01p**

Royal argues that pursuant to SSR 83-20 and HALLEX I-2-6-70(A), the ALJ should have retained the services of a medical expert to determine the date of onset for her back impairment. Royal's reliance on SSR 83-20 is misplaced. As of October 2, 2018, SSR 18-01p rescinded and replaced the relevant parts of SSR 83-20. *See* SSR 18-01p; 2018 WL 4945639. In the instant case, the ALJ conducted a hearing on October 24, 2018, three weeks after SSR 18-01p went into effect. Thus, SSR 18-01p applies to Royal's claim rather than SSR 83-20. *See Gour v. Saul*, No.

3:18-cv-30155-KAR, 2020 WL 429450, at *13 (D.Mass. Jan. 27, 2020) ("Social Security Ruling 18-01p applies to claims that were pending on and after October 2, 2018.").

Social Security Ruling 18-01p states that an ALJ "may, but is not required to, call upon the services of a medical expert, to assist with inferring the date that the claimant first met the statutory definition of disability." Accordingly, ALJs have complete discretion over the calling of medical experts. *Kushner v. Commissioner Social Security*, 765 F.App'x 825, 829 n.3 (3d Cir. 2019). "Unlike SSR 83-20, SSR 18-01p expressly permits the ALJ to 'infer' an onset date and emphasizes that the decision to call on a medical advisor 'is always at the ALJ's discretion.'" *Ramon Ochoa v Berryhill*, No. 18-287 SCY, 2019 WL 1596368, at *7 n.6 (D.N.M. Apr. 15, 2019).

As reflected in the hearing transcript, the ALJ was aware that he could retain a medical expert to assist in inferring Royal's onset of disability date as it related to her back condition. Doc. [11] at 57-58, 62-63. The ALJ expressly declined to exercise this discretion based on the lack of objective medical evidence during the relevant time. *Id.* at 59-65, 69. He cited to specific documents in Royal's medical records and the absence of objective medical evidence to explain why he was not inclined to appoint a medical expert. *Id.* at 59-65.

Substantial evidence supports the ALJ's decision not to retain a medical expert. In his written decision, the ALJ did not specifically address whether Royal's back pain should be considered a severe impairment. However, when assessing Royal's RFC, the ALJ discussed her complaints of pain generally and found that the medical records did not support "debilitating physical limitations". *Id.* at 19. He based this finding on treating records of normal examinations, normal gait, stable pain controlled by medication, and a lack of physical findings or testing. *Id.*

The ALJ's statements at the hearing made clear he was aware that her complaints of pain also related to her back. As noted by the ALJ, medical records from the relevant time showed that Royal suffered from chronic pain, including in her back, but the pain was described as "controlled" or "stable" with medication; furthermore, the records were "unremarkable" and without any reports of abnormalities. *Id.* at 64-67, 258-59, 261-62, 264-65, 267-68, 270-77. The notes from October 27, 2015, also indicated that Royal had a normal gait. *Id.* at 64, 275. As further explained by the ALJ at the hearing, a medical examination performed in 2018 would not establish objective medical evidence of a disabling back condition from 2016. *Id.* at 62-63. Plaintiff also testified that during the relevant time, she did not have any x-rays or MRIs performed to find out what problems she may have had with her back. *Id.* at 72. Nor was she examined by an orthopedist, neurologist, or any kind of specialist. *Id.* at 72-73.

As pointed out by the ALJ, there is only one medical record dating to the alleged period of disability. *Id.* at 57, 65. Specifically, on August 19, 2016, Royal was seen by FNP Marcenia P. Aldridge. *Id.* at 261-63. This lone record from the disability period at issue reflects that Royal complained of shoulder and neck pain. The pain was "stable". The shoulders were both significantly tender with decreased range of motion; but there was no mention of back pain. *Id.* at 65, 261-63. Based on the foregoing, Royal has failed to demonstrate that the ALJ erred when he declined to appoint a medical expert with regard to back pain.

**HALLEX**

Royal's reliance on the Agency's Hearings, Appeals, Litigation and Law Manual (HALLEX) I-2-6-70(A) is equally unavailing. "While HALLEX does not carry the authority of law," the Fifth Circuit has held that "'where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous that

otherwise would be required.'" *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) (quoting *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981)). Whether a violation of HALLEX procedures constitutes reversible error depends on whether "prejudice results from the violation." *Morgan v. Colvin*, 803 F.3d 773, 777–78 (5th Cir. 2015); *Newton*, 209 F.3d at 459. The Court will only vacate the judgment and remand disability cases when the claimant has shown prejudice from the Commissioner's error. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). "Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision." *See McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 837 (N.D. Tex. 2008) (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). To establish prejudice, Plaintiff must show that the ALJ's decision not to retain a medical expert might have led to a different decision of disability. *See Newton*, 209 F.3d at 458; *Mettlen v. Barnhart*, 88 F.App'x 793, at *1 (5th Cir. 2004) ("Prejudice can be established by showing that the additional considerations 'might have led to a different decision.'").

Royal fails to demonstrate prejudice. *See Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir.2012) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error."). "A mere allegation that additional beneficial evidence might have been gathered had the error not occurred is insufficient to meet this burden." *Id.* at 735. Royal does not present any evidence suggesting a different result if the ALJ had retained a medical expert. *See Lindsey v. Comm'r of Soc. Sec. Admin.*, No. 2:08CV233-WAP-DAS, 2009 WL 4738168, at *6 (N.D. Miss. Dec. 4, 2009) (HALLEX violation did not prejudice the claimant where he failed to proffer any evidence that would have been produced in a supplemental hearing to change the outcome of the case). The HALLEX provision cited by

7

Royal merely states that the ALJ is "encouraged to consult with an ME when he or she must make an inference about the onset of disability." HALLEX I-2-6-70(A), 1993 WL 751901. Encouragement is not a requirement under the law. Nothing within HALLEX I-2-6-70(A) required the ALJ to appoint a medical expert under the facts of Royal's case. As explained above, the ALJ declined to retain a medical expert based on the absence of objective medical evidence during the relevant time frame. Given the discretionary nature of HALLEX I-2-6-70(A) and SSR 18-01p, Royal fails to identify any reversible error.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Commissioner's decision be AFFIRMED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been

accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 3rd day of August 2021.


/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE